UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SANDRA MURRAY                                                    PLAINTIFF

v.                      No. 5:16-CV-00337-BSM-JTR

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                   DEFENDANT

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**II.   Introduction:**

Sandra Murray ("Murray") applied for social security disability benefits with an alleged disability onset date of August 1, 2010. (R. at 301). The administrative law judge ("ALJ") held a hearing and denied her applications. (R. at 136). The Appeals Council remanded the case. (R. at 168–71). After a second hearing, the ALJ

again denied Murray's applications. (R. at 24). The Appeals Council denied review. (R. at 1). Murray has requested judicial review.

For the reasons stated below, the Magistrate Judge recommends reversing and remanding the Commissioner's decision.

## III. The Commissioner's Decision:

The ALJ found that Murray had the severe impairments of fibromyalgia, lumbar degenerative disk disease, degenerative joint disease of the right acetabulum, obesity, and schizoaffective disorder. (R. at 17). The ALJ then found that Murray's impairments left her with the residual functional capacity ("RFC") to perform light work: with only occasional balancing, stooping, crouching, crawling, and kneeling; with no climbing of ladders, ropes, and scaffolds; with no duties performed at unprotected heights or around dangerous moving machinery; where interpersonal contact is limited, defined as requiring little interaction, such as answering simple questions, responding appropriately to supervisors and coworkers while interaction with the public is infrequent and not an essential job duty; where complexity of tasks can be learned by demonstration or repetition within thirty days, has few variables, and requires little judgment; and where the supervision required is simple, direct, and concrete. (R. at 20). The ALJ took testimony from a vocational expert ("VE") and found that Murray could not return to her past relevant work. (R. at 23). The VE testified, however, that Murray could perform other jobs in the national economy

such as cleaner/housekeeping or production assembler. (R. at 24). Thus, the ALJ held that Murray was not disabled. (R. at 24).

## IV. **Discussion:**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). ); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

Murray argues that: (1) the ALJ erred in failing to find her cervical degenerative disk disease to be a severe impairment; (2) the ALJ erred in failing to find her left carpal tunnel syndrome to be a severe impairment; (3) the ALJ improperly evaluated medical opinions and medical evidence; (4) the ALJ failed to properly review her symptoms; and (5) the ALJ's decision is not based on substantial

evidence. Because the Court finds that Murray's first two arguments have merit, it is not necessary for the Court to address her other arguments.

Murray contends that the ALJ failed to find her cervical degenerative disk disease and carpal tunnel syndrome to be severe impairments. The Commissioner responds that, because the evidence does not demonstrate that either condition significantly limits Murray's ability to perform the physical demands of work, the ALJ properly concluded that these impairments were not severe.

Contrary to the Commissioner's argument, however, the ALJ made *no finding* that the conditions were "not severe." Rather, the ALJ did not mention either condition at any point in the decision. It is the ALJ's duty to determine a claimant's RFC based on the limitations imposed by both severe and non-severe impairments. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). Regardless of whether the impairments are found to be severe or not, they must be considered. A nerve conduction study showed signs of carpal tunnel syndrome, and an MRI of the cervical spine found degenerative changes and straightening of the cervical lordosis. (R. at 861–62, 1149–51). The ALJ found those medical findings to be sufficiently significant to question Murray about them (R. at 106–09), but he then failed to make any mention of them in his decision. Thus, the Court is left to guess about whether the ALJ accounted for these conditions in the RFC or simply failed to consider them. Accordingly, this omission by the ALJ constitutes reversible error.

## V. Recommended Disposition:

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole does not contain ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales,*, 402 U.S. 389, 401 (1971).

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and REMANDED with instructions to develop the record as necessary and to fully consider all of Murray's impairments.

DATED this 30th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE